People v Rivera

2026 NY Slip Op 03188

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Luis Rivera, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-07318, (Ind. No. 74348/21)

Angela G. Iannacci, J.P.

Valerie Brathwaite Nelson

Carl J. Landicino

Elena Goldberg Velazquez, JJ.

Patricia Pazner, New York, NY (Sean H. Murray of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Julian Joiris, and Shlomit Heering of counsel), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dineen Riviezzo, J., at plea; Donald Leo, J., at sentence), rendered August 1, 2023, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 558-564; People v Walker, 245 AD3d 740, 741). The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the denial of his statutory speedy trial motion (see People v Walker, 245 AD3d at 741; People v Smith, 237 AD3d 1111) and his contention that his adjudication as a second felony offender was unconstitutional in light of Erlinger v United States (602 US 821) (see People v Mejia, 246 AD3d 828, 829; People v Swain, 245 AD3d 740). To the extent that the defendant contends that New York's predicate felony offender statutes are facially unconstitutional, that contention is not precluded by the appeal waiver (see People v Mejia, 246 AD3d at 830; People v Smith, 244 AD3d 1144). However, that contention is unpreserved for appellate review, as the defendant failed to raise it before the Supreme Court (see CPL 470.05[2]), and we decline to review it in the exercise of our interest of justice jurisdiction (see People v Mejia, 246 AD3d at 830; People v Smith, 244 AD3d 1144).

IANNACCI, J.P., BRATHWAITE NELSON, LANDICINO and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court